## Simpkins *v.* Lake Shore & M. S. Ry.[1]

*(Circuit Court, E. D. New York.   December 28, 1883.)*

Removed Cause—Jurisdiction of State Court—Determination of Controlling Jurisdictional Issue not Properly Had on Motion for Security for Costs.

An action having been begun in a state court, under a state statute giving that court jurisdiction of such actions when brought against a foreign corporation, provided the plaintiff be a resident of the state, the answer averred, as an objection to the jurisdiction, that the plaintiff was not a resident of the state. The defendant having removed the action to this court, moved for security for costs on affidavits tending to show such non-residence of the plaintiff, which were met by counter affidavits. *Held,* that the issue thus presented was one of the issues of the cause presented by the pleadings and was controlling; for if the action would fail in the state court on account of the plaintiff's non-residence, it would fail in this court; and that the determination of a jurisdictional fact, which might involve a dismissal of the action, could not properly be sought by a motion on affidavits, but should be left to abide the trial of the issue presented by the answer.

Motion to Compel Security for Costs.

*C. Ferguson, Jr.,* for plaintiff.

*Burrill, Zabriskie & Burrill,* for defendant.

Benedict, J. This case comes before the court upon a motion on the part of the defendant to compel security for costs, upon the ground that the plaintiff is a non-resident. The action was commenced in the supreme court of the state. The complaint filed in the state court averred that the defendant is a foreign corporation. By a statute of the state, the supreme court of the state has jurisdiction of actions like the present when brought against foreign corporations, provided the plaintiff be a resident of the state, not otherwise. The answer filed in the state court averred, by way of objection to the jurisdiction, that the plaintiff was not a resident of the state of New York, but of England. Thereafter, the defendant removed the case to this court, and now moves for security for costs upon affidavits tending to show the plaintiff to be a non-resident of the state. Counter-affidavits are read in support of the plaintiff's averment that he is a resident. The issue thus raised is the same raised by the defendant's answer. It is one of the issues of the cause presented by the pleadings while the cause was in the state court. This issue tendered by the defendant's answer is, moreover, controlling; for if the defendant be a non-resident, as the answer asserts, the action would have failed in the state court for want of jurisdiction, and must therefore fail here, notwithstanding the plaintiff, if a non-resident, may also be an alien, and the action, for that reason, one which this court is competent to entertain. For it is the cause instituted in the state court which is to be determined by this court, and the plaintiff's residence, if fatal to the action in case it had remained in the state court, must

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

be fatal here. The defendant, therefore, by the present motion, seeks the determination of a jurisdictional fact, which determination, if in accordance with the defendant's contention, would involve a dismissal of the action. Such a determination cannot, in my opinion, be properly sought in this manner by a motion upon affidavits, but should be left to abide the result of the trial of the issue presented by the answer.

Motion denied.